UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CARLOS COREAS,

        Petitioner,

    - against -                             **ORDER**
                                   **07 CV 4882 (SJF)**

DAVID UNGER,

        Respondent,
----------------------------------------------------------X
FEUERSTEIN, J



On October 14, 2005, petitioner Carlos Coreas ("Petitioner") pled guilty to one (1) count of criminal possession of a controlled substance in the second degree (the "Possession Charge") in County Court of the State of New York, Nassau County. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

I.    Background

    A.    Petitioner's Plea

On September 2, 2005, Petitioner appeared with counsel and an interpreter in the County Court of the State of New York, Nassau County. After being placed under oath, Petitioner responded to questions by the court and indicated his understanding that by pleading guilty he was waiving his rights to a jury trial and an appeal from his plea and sentence. Respondent's Exhibit A:

1

Minutes of Plea Proceedings ("Plea Tr.") at 3-4. Additionally, Petitioner indicated that: (1) he had read the waiver of appeal with the interpreter and had understood it; (2) he was pleading guilty of his own free will, and was not under the influence of any drugs, alcohol or any stimuli that would prevent him from understanding the proceedings; and (3) he understood that by pleading guilty to a felony, if he were to be found guilty of another felony in the next ten years, it could increase his mandatory jail time. *Id.* at 4. Petitioner denied that any threats or promises had been made to him to induce his plea, other than the promise that the court would: (1) sentence him to a four year term of imprisonment; (2) impose a five year term of post-release supervision; (3) suspend his driver's license; (4) impose fines; and (5) order forfeiture of ten thousand five hundred and twenty-two dollars ($10,522.00) in cash discovered at Petitioner's residence and Petitioner's automobile. *Id.* at 3. Petitioner acknowledged that his failure to abide by the conditions set by the court could result in the court sentencing him as it saw fit. *Id.* at 5.

Petitioner allocuted that on February 18, 2005 he knowingly and unlawfully possessed one or more preparations of four ounces or more of cocaine and that he wished to withdraw his previously entered plea of not guilty and plead guilty to criminal possession of a controlled substance in the second degree. *Id.* at 5-6. The court accepted Petitioner's guilty plea and scheduled sentencing for October 14, 2005. *Id.*

B.   Post Plea Procedural Background

On October 14, 2005, Petitioner appeared for sentencing. The court honored its commitment to sentence Petitioner to four years incarceration followed by five years post-release supervision,

2

ordered Petitioner to participate in the Comprehensive Alcohol and Substance Abuse Treatment Program ("CASAT"), and suspended his driver's license for a period of a six months upon Petitioner's release from imprisonment. Respondent's Exhibit B: Minutes of Sentencing Proceedings ("Sent. Tr.") at 2-3. The court also imposed a fine of one thousand dollars ($1000.00), a surcharge of two hundred fifty dollars ($250.00), and a crime victims' fee of twenty dollars ($20.00). *Id.* at 3. Petitioner indicated that he received the post-release supervision instructions and license suspension. *Id.*

Petitioner filed a timely notice of appeal to the New York Supreme Court, Appellate Division, Second Department. Petitioner's assigned appellate counsel (the "appellate counsel") filed an "Anders brief" indicating that he was not able to discern any nonfrivolous issue that could be raised on appeal, and moved to withdraw as counsel. See Anders v. State of California, 386 U.S. 738, 87 S. Ct. 1396 (1967). Respondent's Exhibit C: Appellate Counsel's Anders Brief (the "Anders Brief") at 16. On January 30, 2007, the Second Department affirmed Petitioner's judgment of conviction, and granted Petitioner's counsel's application for leave to withdraw as counsel. See People v. Coreas, 36 A.D.3d 933, 827 N.Y.S.2d 671 (App. Div. 2007).

On April 9, 2007, Petitioner filed a Petition for a writ of *error coram nobis* seeking to vacate the January 30th decision and order of the Second Department. By order dated July 24, 2007 the Appellate Division, Second Department denied Petitioner's application for a writ of *error coram nobis*. See People v. Coreas, 42 A.D.3d 550, 838 N.Y.S.2d 916 (App. Div. 2007). On October 16, 2007, the Court of Appeals of New York denied leave to appeal. See People v. Coreas, 9 N.Y.3d 960, 878 N.E.2d 613, 848 N.Y.S.2d 29 (Table) (2007).

On October 26, 2007, Petitioner filed the instant petition for a writ of habeas corpus (the

3

"Petition") claiming ineffective assistance of appellate counsel due to his attorney's failure to: (1) properly review the record for appealable issues and consult with Petitioner before filing the Anders Brief; (2) argue that Petitioner unknowingly and involuntarily pled guilty; and (3) send the plea and sentencing transcripts to Petitioner. Petition at 7-8.

II. The AEDPA

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, governs applications of incarcerated state court defendants seeking federal habeas corpus relief.

A. Exhaustion

Prior to bringing a petition for habeas corpus relief in federal court, the AEDPA requires that a petitioner "exhaust the remedies available in state court or demonstrate that 'there is an absence of available [s]tate corrective process [or that] circumstances exist that render such process ineffective to protect the rights of the [petitioner].'" Fama v. Commissioner of Corr. Servs., 235 F.3d 804, 808 (2d Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)). In order to satisfy the exhaustion requirement, a petitioner must "fairly present" both the factual and legal premises of his federal claim to the highest state court. Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed.2d 64 (2004); see also McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003) (stating that "[t]o exhaust, the [P]etitioner must 'fairly present' his or her federal claims to the state courts, meaning that he or she must put before the appropriate state court 'all of the essential factual allegations'") (quoting

Dave v. Attorney Gen. of State of New York, 696 F.2d 186, 191 (2d. Cir. 1982)).

The claims raised before the Second Department and the Court of Appeals included Petitioner's appellate counsel's failure to: (1) argue that Petitioner did not understand the plea and sentencing proceedings; (2) argue that Petitioner was misinformed about his right to a jury trial; (3) argue that Petitioner unknowingly pled guilty; and (4) send Petitioner a copy of the plea and sentencing transcripts. People's Exhibit F: Respondent's motion for a writ of *error coram nobis* at 5. Accordingly, Petitioner's habeas claims concerning these matters have been exhausted. However, Petitioner's instant claim of ineffective assistance of counsel based upon his appellate counsel's failure to consult with him before filing an Anders brief raises an issue which has not been properly exhausted. See Ramirez v. Attorney General of the State of New York, 280 F.3d 87, 96 (2d Cir. 2001) (noting that "the factual basis for an ineffective assistance claim must, like other issues, be presented to all relevant state courts").

The instant Petition contains both exhausted and unexhausted claims. A district court presented with a "mixed" petition may: (1) stay the proceeding pending complete exhaustion of state remedies;[1] (2) dismiss the petition, without prejudice, until the claims have been exhausted in sate court, unless such review would be precluded pursuant to the AEDPA's one year statute of limitations; (3) afford petitioner an opportunity to withdraw the unexhausted claim(s); or (4) deny the petition on the merits pursuant to 28 U.S.C. § 2254(b)(2). See, e.g., Gandarilla v. Artuz, 322

---

[1] The Supreme Court has opined that a stay and abeyance should only be available in "limited circumstances" and that such a measure is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L. Ed.2d 440 (2005) In addition, the district court would be deemed to have abused its discretion if it were to grant petitioner a stay "when [petitioner's] unexhausted claims are plainly merit less." Id.

F.3d 182, 186 (2d Cir. 2003); Pratt v. Greiner, 306 F.3d 1190, 1196-97 (2d Cir. 2002). For the reasons set forth below, the Petition is denied on the merits.

B.    Standard of Review

Pursuant to 28 U.S.C. § 2254(d), an application for a writ of habeas corpus that has met the procedural prerequisites shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "An 'adjudication on the merits' is one that '(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" Bell v. Miller, 500 F.3d 149, 155 (2d Cir. 2007) (quoting Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001)).

Once claims have been adjudicated on the merits, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000); see also 28 U.S.C. § 2254(d)(1). Alternatively, a federal habeas court may "'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520, 123 S. Ct. 2527, 156 L. Ed.2d 471 (2003); Williams, 529 U.S. at 413.

6

However, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; accord Wiggins, 539 U.S. at 520-21. Under the AEDPA, "determination of a factual issue made by a State court shall be presumed to be correct . . . [and] the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

III. Ineffective Assistance of Appellate Counsel

Petitioner contends that his appellate counsel was ineffective for failing to: (1) properly review the record and consult with Petitioner before filing an Anders brief; (2) argue on appeal that Petitioner's constitutional rights were violated when he involuntarily and unknowingly pled guilty; and (3) send the plea and sentence transcripts to Petitioner. Petition at 7-8.

The Sixth Amendment provides, *inter alia,* that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. In order to prevail on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must prove both: (1) that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 689, 694, 104, S. Ct. 2052, 2055, 80 L. Ed.2d (1984). A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." Knowles v.

7

Mirzayance, --- U.S. ----, 129 S. Ct. 1411, 1422, 173 L. Ed.2d 251 (2009) (quoting Strickland, 466 U.S. at 694). To prove a claim of ineffective assistance of counsel, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Knowles, 129 S. Ct. at 1420 (quoting Strickland, 466 U.S. at 689). A petitioner may rebut this presumption only by demonstrating that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.

Although the Supreme Court formulated the Strickland two (2)-pronged test in the context of an ineffective assistance of trial counsel claim, it has since extended application of that standard to ineffective assistance of appellate counsel claims. See Smith v. Murray, 477 U.S. 527, 535-536, 106 S. Ct. 2661, 91 L. Ed.2d 434 (1986); Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). A petitioner may demonstrate ineffective assistance of appellate counsel by showing that his or her appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000) (citing Mayo v. Henderson, 13 F.3d at 533. However, a petitioner may not rebut the presumption of effective assistance by simply arguing that his or her appellate counsel's decision to raise certain issues and not others constitutes ineffectiveness. See Strickland, 466 U.S. at 689. Appellate counsel is not required to "press nonfrivolous points requested by the client[] if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312, 77 L. Ed.2d 987 (1983); see also Knowles, 129 S.Ct. at 1422.

A.  Reasonableness of Representation

1.  Filing of the Anders Brief

If an appellate counsel finds "his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Anders v. State of California., 386 U.S. at 744; see generally Smith v. Robbins, 528 U.S. 259, 261, 120 S. Ct. 746, 145 L. Ed.2d 756 (2000) (noting that the goal of Anders is to ensure indigent defendants are not deprived of a fair opportunity to bring an appeal, while at the same time ensuring that states are protected from subsidizing frivolous appeals with public funds). Relief will not be granted unless a court is satisfied that "counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal" and "defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct." United States v. Burnett, 989 F.2d 100, 104 (2d Cir. 2003) (citing McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 439, 108 S. Ct. 1895, 100 L. Ed.2d 440 (1988)). Appellate counsel is also required to furnish the defendant with a copy of the brief the counsel submits in support of the Anders motion and a letter informing the client that he or she has the right to file a *pro se* brief. See Anders, 386 U.S. at 744; United States v. Arrous, 320 F.3d 355, 358 (2d Cir. 2003) (citing Burnett, 989 F.2d at 103).

The record does not support Petitioner's contention that his appellate counsel was ineffective for failing to properly review the record and find issues to argue on appeal. The appellate counsel's Anders brief noted that (1) on the date of Petitioner's plea hearing a Spanish interpreter was present

9

on Petitioner's behalf, (2) the Court informed Petitioner of his right to a jury trial and the right to appeal the sentence, (3) Petitioner answered that he had read the wavier of the right to appeal with the interpreter and understood it, and his attorney had explained the waiver to him and he signed it knowingly and freely, (4) Petitioner denied that he had taken any drugs, alcoholic beverages or any stimuli that would prevent him from understanding the proceedings, (5) at Petitioner's sentence he received the sentence promised by the court, which was well within the legal sentence guidelines, (6) having received a sentence for the charge which he was promised, Petitioner may not complain that promises were kept, (7) the plea bargain benefitted Petitioner who faced a substantially higher range of potential prison terms had he been convicted after a trial, (8) Petitioner was informed repeatedly by the Court that by pleading guilty to the charge and accepting the bargained-for sentence he was waiving his right to appeal, (9) at sentencing, both the Petitioner and his counsel were given the opportunity, and were able to, speak freely, (10) Petitioner's counsel indicated that he had reviewed Petitioner's pre-sentence report, (11) Petitioner stated he was ready to be sentenced, and (12) a claim of excessive sentence was not viable as the sentencing court cannot be said to have abused its discretion when it imposed a sentence that was bargained for, well within the legal guidelines, and beneficial to Petitioner. *See* <u>Anders</u> Brief at 6-16. After addressing those points, appellate counsel noted that he could not find a nonfrivolous claim to raise on appeal. *Id.* at 16.

The record indicates that appellate counsel diligently searched the record for meritorious claims and correctly concluded that no nonfrivolous issues existed to support an appeal. Therefore appellate counsel discharged his duty pursuant to <u>Anders</u> and provided Petitioner with representation that met an objective standard of reasonableness under prevailing professional norms. See <u>Anders</u>, 386 U.S. at 744; <u>see also</u> <u>Strickland</u>, 466 U.S. at 689; <u>Jones</u>, 463 U.S. 745, 751, 103 S. Ct. 3308,

3312, 77 L.Ed.2d 987; Burnett, 989 F.2d at 104; United States v. Torres, 129 F.3d 710, 717 (2d. Cir. 1997).

Insofar as Petitioner contends that his "Counsel's failure to consult with [him]" before filing an Anders brief resulted in ineffective assistance, this contention is without merit, as the record clearly indicates that, prior to filing the Anders brief, appellate counsel kept Petitioner abreast of the appeal progress and provided opportunities for Petitioner to provide his "input." See People's Exhibit C, at 18-20. The appellate counsel wrote three letters to Petitioner between February and July of 2006. *Id.* In the first letter to Petitioner on February 13, 2006, counsel introduced himself as Petitioner's appellate counsel, and informed Petitioner that it would be helpful "if you would advise me of any point that you may deem meritorious, related to your case . . . that I may consider in the preparation of your case." *Id.* at 18. Next, in a letter dated June 26, 2006, appellate counsel informed Petitioner that, after conducting a thorough review of the record and finding that there were no non-frivolous claims to be raised, and because Petitioner had not responded to counsel's initial letter requesting issues that Petitioner thought important, he was considering filing an Anders brief. *Id.* at 19. Appellate counsel requested Petitioner to "kindly advise" regarding the proposed Anders brief. *Id.* Finally, in a letter dated July 11, 2006, appellate counsel advised Petitioner that counsel was filing an Anders brief because he could not find any meritorious issues in the case to pursue. *Id.* at 20. Appellate counsel advised Petitioner of his right to seek permission to file a *pro se* supplemental brief, and indicated that he was mailing Petitioner a copy of the Anders brief. *Id.* Petitioner did not respond.

The record demonstrates that appellate counsel was clear as to his intention to file an Anders

brief.[2] Petitioner has failed to show that his appellate counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. See Strickland, 466 U.S. at 689; Jones, 463 U.S. at 751.

2. Voluntariness of Petitioner's Guilty Plea

Petitioner claims that his appellate counsel was ineffective because he failed to argue that Petitioner's guilty plea was made unknowingly and involuntarily. Petition at 8. The Supreme Court has held that "the Constitution insists . . . that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." United States v. Ruiz, 536 U.S. 622, 629, 122 S. Ct. 2450, 153 L. Ed.2d 586 (2002) (quoting Brady v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed.2d 747 (1970). The "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed.2d 162 (1970)). A plea is considered "'intelligent if the accused had the advice of counsel and understood

---

[2]This Court is aware of the Second Circuit's holding in U.S. v. Leyba, 379 F.3d 53 (2d Cir. 2004), that a defendant whom counsel knows does not speak English is entitled to more than a written statement in English of his rights. However, Leyba is inapplicable to the instant Petition, because its reasoning concerned that defendant's inability to speak or read English, and therefore it was unreasonable to require him to understand a written statement in English. However, in the instant case, the memorandum of law in support of Petitioner's writ of *error coram nobis* and the Petition, both prepared *pro se* in English, indicate that Petitioner had the literacy level sufficient to understand the letters he received from his appellate counsel.

12

the consequences of his plea, even if only in a fairly rudimentary way," and it is considered "'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988); accord Brady, 397 U.S. at 750.

Petitioner's assertion that his guilty plea was made unknowingly and involuntarily, and that his appellate counsel was ineffective for failing to pursue such a claim on appeal, is meritless. The record indicates that the appellate counsel considered this claim, but determined that such an appeal would be frivolous. He noted in his Anders brief, *inter alia*, that: (1) a Spanish translator was present on Petitioner's behalf; (2) Petitioner was informed repeatedly by the Court that by pleading guilty to the charge and accepting the sentence bargain he was waiving his right to appeal; (3) Petitioner had read the wavier of the right to appeal with the interpreter and understood it; (4) Petitioner's attorney had explained the waiver to him and he signed it knowingly and freely; (5) Petitioner was not under the influence of any drugs, alcoholic beverages or any stimuli; and (6) at sentencing both the Petitioner and his counsel were given the opportunity, and were able to, speak freely. *See* Anders Brief, at 6-8, 14-15.

The record shows that appellate counsel reasonably concluded that Petitioner had voluntarily and knowingly entered a plea of guilty. Nothing in the record indicates that Petitioner failed to understand the consequences of his plea, and Petitioner has not raised any evidence that his guilty plea was influenced by anything other than his own free will. The appellate counsel's determination that pursuing an appeal on the grounds of an involuntary plea would be frivolous was reasonable. See Rosenberger v. United States, 133 Fed.Appx. 799, 2005 WL 1349526, at *2 (2d Cir. 2005) ("[petitioner] has set forth no evidence . . . that he was coerced into pleading guilty. Moreover, the

plea allocution indicates that [petitioner's] guilty plea . . . was knowing and voluntary"); United States v. Hernandez, 242 F.3d 110, 112-113 (2d Cir. 2001) (noting that a defendant's sworn statements at a plea allocation carry a strong presumption of truth which cannot be overcome by conclusory allegations made at a later date). Accordingly, appellate counsel's decision to not raise an appeal regarding the plea was objectively reasonable under prevailing professional norms. See Strickland, 466 U.S. at 689; Jones, 463 U.S. at 751;

3. Failure to Send Petitioner Plea and Sentencing Transcripts

Petitioner asserts that his appellate counsel was ineffective because he failed to send Petitioner the plea and sentencing transcripts. Petition at 8. However, there is no constitutional right to a trial transcript which is available to appellate counsel. United States ex rel. Garcia v. Martin, 271 F.2d 298, 301 (2d Cir. 1959) ("where the defendant has counsel . . . there is no constitutional requirement that he be provided with physical custody of a copy of the transcript when it is on file and available to the lawyer in the county clerk's office and to the appellate court on its order"). However, he could have been entitled to the transcripts upon the grant of the permission to file a pro se supplemental brief, which Petitioner did not pursue despite the advise of his counsel. See Letter of Jully 11, 2006, People's Exhibit C, at 20; see also N.Y. Ct. Rules § 671.3 (b)(3) ("[it is] the appellant's right . . . that a typewritten transcript of such minutes be furnished [to appellant] . . . if appellant prosecutes the appeal pro se"). As the appellate counsel was furnished with a copy of the trial transcript, any failure by him to provide Petitioner with the transcript does not constitute a violation of constitutional magnitude. See United States ex rel. Garcia, 271 F.2d at 301.

14

B. Prejudice

Even assuming, *arguendo*, that Petitioner had proved that appellate counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, he has failed to establish any prejudice that may have resulted from appellate counsel's representation. Plaintiff has not shown to a reasonable probability how the outcome of the proceedings would have been different had his appellate counsel cured the purported errors. See Strickland, 466 U.S. at 694.

IV. Conclusion

For the foregoing reasons, Petitioner has not demonstrated that the Appellate Division's denial of his application for a writ of *error coram nobis* is contrary to, or involved an unreasonable application of, federal law, or that its decision was based on an unreasonable determination of the facts in light of the evidence present in the state court proceedings. See 28 U.S.C. § 2254(d). Accordingly, the Petition for a writ of habeas corpus is hereby denied in its entirety and the proceeding is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(1); see also Miller-El v. Cocklrell, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellog v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

The Clerk of the Court is directed to close this case.

**SO ORDERED**

_____  11/18/10
SANDRA J. FEUERSTEIN
United States District Judge

Dated: November 18, 2010
	Central Islip, New York